## KEMP & BUCKEY v. PORTER.

1. A writ of error will not lie, from an order of court, permitting a sheriff to amend his return to a *fieri facias;* the party prejudiced by such order has a remedy by *mandamus,* to cause it to be vacated.

WRIT of Error to the Circuit Court of Autauga.

A *fieri facias* on the 30th April, 1842, was issued from the circuit court of Autauga, against the goods and chattels, lands and tenements of Messrs Hearndon & Kelly, requiring to be made the sum of twenty-two hundred and fifty dollars and forty-eight cents, besides costs, which had  then lately been adjudged to the plaintiffs.    This execution was  placed in  the hands of the defendant, the sheriff of Benton, who indorsed  thereon, that he had levied the same on real and personal estate, particularly designated.

The levy is dated the 9th of May, 1842, but does not state whether any disposition was made, or proposed to be made, of the property. At the October term of the circuit court of Autauga, holden in 1843, the defendant moved for leave to amend his return according to the facts, so as to show the condition of the property at the time of the levy, and what disposition had been made of it. The motion was opposed by the plaintiffs. 1. Because no foundation was laid by affidavits to authorise the amendment. 2. Because the plaintiffs had commenced and were prosecuting proceedings against the sheriff for not making the money, upon the suggestion, that by due diligence he could have made it on the execution. It was admitted that the causes for which the motion was opposed, were true in point of fact; but the motion was allowed, and the amendment made; thereupon, the plaintiff excepted, and his bill of exceptions was signed and sealed by the presiding Judge.

PRYOR, for the plaintiffs in error, cited Goodwin v. Smith, 4 N. Hamp. Rep. 29, 35; Holderman v. Brassfield, Lit. Sel. Cases, 271.

WM. B, MARTIN and MORRIS, for the defendant.

COLLIER, C. J.—It is objected by the defendant, that the permission of the circuit court to amend his return, is not a final judgment or decree, which can be reviewed on error. The amendment certainly settles no question definitive of the rights of either party. It will not bar the proceeding which the plaintiffs have instituted for the failure of the sheriff to make the money on their execution. The return of a sheriff in such case, is never regarded as conclusive evidence in his favor, but may be falsified by proof. True, in the present case, the indorsement of a levy on the execution, without showing how the property had been disposed of, would subject the sheriff to liability, and the perfection of the return cannot so operate as to discharge him. The only effect will be to require the plaintiffs, instead of showing that the defendant in execution had property from which it could have been satisfied, by the mere production of the sheriff's indorsement, to adduce extrinsic evidence to contradict and disprove its truth. In this view, the amendment by leave of the court, is certainly not an order which determines finally whether the plain-

tiffs are entitled to recover, or the sheriff is absolved—the circuit court merely permitted that to be done, which it was informed could and should have been done previously. We need not consider whether its decision was correct or not, but we will remark, that our courts have always been very liberal in permitting sheriffs to amend their returns of process according to the truth of the case—that officer is regarded as pledged by his official oath, to the performance of his duties; and hence no additional oath is required to satisfy the court, that what he does officially, is correctly done.

If the amendment in the present case has been improperly permitted, and the plaintiffs are prejudiced, they have an adequate remedy by *mandamus;* but the writ of error cannot be entertained, and is consequently dismissed.