## LEAVITT v. SMITH.

1. An amended return of the sheriff, upon an execution, that the property levied upon, had been claimed by a third person, by affidavit, and bond

Leavitt v. Smith.

given to try the right, entered upon the execution, before any proceedings are commenced against the officer, has the same effect, as evidence of the correctness of the facts returned, as if it had been entered in due time, as required by law.

2. When the evidence offered is relevant, and tends to establish the point in controversy, if its determination is left to the jury, this court will presume after verdict, that the evidence was sufficient.

Error to the Circuit Court of Coosa.    Before the Hon. J. D. Phelan.

Motion by the plaintiff in error, against the defendant, as sheriff, suggesting that by proper diligence, he could have made the money on an execution, which came to his hands, in favor of the plaintiff, against J. M. Friou.

From a bill of exceptions, it appears, that a few days after the levy was made by the sheriff, which was the 1st February, 1840, in virtue of plaintiff's execution, upon a stock of goods of the defendant in execution, the sheriff had in his possession, an affidavit made by A. B. Dawson, as assignee of the defendant in execution, in which said Dawson swore the goods were his.    The same witness who proved this fact, swore that the sheriff had in his possession at the same time, a claim bond made by Dawson, and that the witness at the time advised the defendant, that the bond was not a good claim bond.    The deputy sheriff who made the levy, swore that he saw the affidavit, but had no recollection of any claim bond.    The affidavit referred to by these witnesses, was not produced at the trial, nor was there any evidence of what became of it, nor had the clerk any knowledge of it.    One witness swore, that to the best of his recollection, he had seen said affidavit among the papers of an attorney of said Dawson.    Search had been made for it, and it could not be found.

The defendant read an order, made at the spring term, 1840, of the court, in the case of trial of right of property, between Dawson as claimant, and the plaintiff in error plaintiff in execution, in which the court overruled a motion of

the plaintiff to dismiss the claim, for insufficiency of the claim bond.

Also an order of the court, made in the same cause, at the fall term of that year, by which the court, on the refusal of the plaintiff to join in the issue tendered to him by the claimant, dismissed the claim, and ordered that the goods levied on by the sheriff, be restored to the claimant.

The defendant then offered to read an amended return on said execution, to which the plaintiff objected, the objection was overruled, and the return read.

The defendant also read the deposition of Dawson proving the levy, the interposition of the claim, its dismissal, and the restoration of the goods.

The plaintiff proved, that the circuit court of Coosa county was held on the 24th March, 1840, and then read an affidavit, and two bonds from the records of the court.   The affidavit made by Dawson bears date the 24th March, 1840, and the bonds, both executed by Dawson, and two other persons, all describing the execution, and levy in this case, dated the 23d March, 1840, and approved by the sheriff 25th March, 1840.   He further proved, that the judgment of nonsuit of the fall term, 1840, had been reversed by the supreme court, and the cause remanded, and also a judgment of the circuit court of Coosa rendered, at the fall term, 1842, by which the claim was dismissed, because the claimant refused to file a good, and sufficient claim bond.

The court charged the jury, that if they should believe, that in a few days after the levy was made by defendant, on the execution, the said Dawson made affidavit, that the goods levied on by the defendant were his, and made a claim bond, though said bond was defective, and the defendant was admonished of this in the manner stated, then they must find for the defendant; to which the plaintiff excepted.

J. W. Pryor, for plaintiff in error, contended, that the case of Leavitt v. Smith, 7 Ala. 175, decided, that the summary remedy would lie against defendant for not making the money.

The record now before the court, does not contain sufficient evidence, tending to prove that a claim was interposed

before the *fi. fa.* was returned, to authorize the instruction of the court. He contended, that the date of the bond was conclusive. There is no evidence, that the affidavit and bond were returned to the clerk's office; none that the plaintiffs were informed of their existence, until October, 1847; and the defendant omitted to state any thing about the claim in his return to the *fi. fa.* He referred to the statute (Clay's Dig. 211, § 52, 213, § 62,) to show what constituted a claim.

The claim bond filed was defective, and the sheriff knew it to be so, and did not recognize it as a claim under the statute. The case of Garey v. McCown, 6 Ala. 370, is not analogous, because the bond was regular on its face, and the court had jurisdiction.

The proceeding by claim, is a summary one, unknown to the common law, and in derogation of it, and must be strictly pursued. Bettis v. Taylor, 8 Port. 564; Leavitt v. Dawson, 4 Ala. 335. The court erred, therefore, in leaving it to the jury to infer, from the evidence, that a claim had been duly put in, when the evidence did not show the contents of the affidavit and bond.

W. W. MORRIS, contra.

1. The amended return of the sheriff is *prima facie* evidence in his favor. Kemp *&* Buckey v. Porter, 6 Ala. 172; Stanton v. Hodges, 6 Verm. R. 66; Hathaway v. Goodrich, 5 Ib. 65; Lathrop v. Lumpkin, 2 Rob. (Va.) R. 55; Clark v. Lyman, 10 Pick. 47; 1 Phillips's Ev. 391.

2. The return was made in pursuance of law. Clay's Dig. 213, § 52, 62.

3. There is no fixed time within which a sheriff may amend his return. He has been allowed to amend several years after its date. Rocker v. Harrison, 6 Munf. Rep. 181; Fowble v. Raybergh, 4 Ham. 45.

4. And the amendment will relate back to the time it should have been made. Leavitt v. Smith, 10 Ala. 92.

5. There was a sufficient predicate in the court below to let in secondary evidence of the contents of the affidavit and claim bond. This is matter of discretion with the court. 1 Greenl. Ev. § 558.

6. The affidavit and claim bond are matters collateral to

the issue. Their contents may be inquired into without the usual predicate, and without the production of the written instruments, the sheriff having no right to their possession after they were returned. Graham v. Lockhart, 8 Ala. R. 9. See cases collected in Cowen & Hill's Notes, 1208.

7. The facts shown in the bill of exceptions in relation to the interposition of the claim, is sufficient for his protection. The advice given him by his counsel, that a replevy bond, in addition to the claim bond, was necessary to make the claim valid, was erroneous. Conceding the claim to be irregular, yet it is sufficient for the protection of the sheriff in this proceeding. 10 Ala. 92.

CHILTON, J.—This case, which has been so elaborately argued, has been twice before this court, and most of the points of law involved in it have been settled by the previous adjudications. See Leavitts v. Smith, 7 Ala. Rep. 175, and Smith v. Leavitts, 10 Ala. Rep. 92.

The errors now assigned are: 1. That the court erred in permitting the defendant to read to the jury the amended return made by him under an order of the circuit court of Coosa county, at the fall term, 1840, authorizing it, upon the execution, for failing to make the money upon which, he is ruled. 2. That the court erred in charging the jury, that if they should believe, that a few days after the levy was made by the defendant on the execution, the said Dawson made affidavit that the goods levied on were his, and made a claim bond, though said bond was defective, and the defendant was admonished of this in the manner stated in the testimony of his legal adviser, then they must find for the defendant.

1. The amended return, which was allowed to be read against the plaintiff's objection, is in these words: "The above goods [referring to the levy] have been claimed by A. B. Dawson and S. Friou, as assignees of J. M. Friou, defendant in execution, and claim bond given to W. J. Campbell, now sheriff, and my successor in office. A. SMITH,
12 Sept. 1840. Late sheriff."

No objection was made to the order allowing the amendment, and the amended return was entered, it appears more than two years before the institution of the rule against the

defendant.   We think the testimony was clearly relevant.
In the case of Kemp & Buckey v. Porter, 6 Ala. Rep. 172,
the effect of such amendments is considered, as well as the
practice of the courts in allowing and reversing them.   It is
there said : " The only effect [of the amended return] will be
to require the plaintiffs, instead of showing that the defend-
ants in the execution had property from which it could have
been satisfied, by the mere production of the sheriff's in-
dorsement, to adduce extrinsic evidence to contradict and
disprove its truth."   We may now add, that the amended
return entered upon the execution in virtue of leave granted
by an order of the court, and perfected before any proceedings
are commenced against the officer, has the same effect as ev-
idence of the correctness of the facts returned, as if it had
been entered in due time as required by law.   In either case
it is, in a proceeding against the officer making it, but *prima
facie* evidence in his favor.   The return as amended, being
relevant, and conformable to the leave granted by the order
of the court, was properly admitted by the circuit court.
That it was inconclusive as evidence, if there were rebutting
circumstances, and may have been made under circumstances
entitling it to but little weight, may be true, yet its legal ef-
fect should, if the plaintiffs desired to prevent it, have been
made the subject of a charge to the jury.   So long as it re-
mained unexplained, it was *prima facie* evidence of the ex-
istence of the facts therein stated, and operated upon the suit
as if originally made in its present form.   See Hodges v.
Laird, 10 Ala. Rep. 678, and authorities there cited.

2.   When this case was last here, (10 Ala. Rep. 92,) it was
decided that the order of the court requiring the defendant
to deliver up the property, although erroneous, and although
afterwards reversed by the supreme court, was nevertheless a
protection to the sheriff who delivered up the goods in obe-
dience to it, before the judgment of reversal.   *Further*, that
a claim being regularly interposed, the return of the sheriff
stating the fact, is not invalidated by his having taken an ir-
regular or insufficient bond, and that an erroneous judgment
in favor of the claimant will protect the sheriff against a rule
for failing to make the money from want of proper diligence,
but he must be proceeded against upon his official bond, or

by action on the case for neglect of duty. It was contended in argument by the plaintiff's counsel, that the principles above settled do not accord with the previous adjudication of the same case in 7 Ala. Rep. 175. It would be profitless to enter into a discussion of the principles settled in each case, to establish their conformity, inasmuch as should there be a conflict, we should feel bound to regard the last decision as the law of the case. We will however remark, that the points settled by the first decision, are stated with much clearness and accuracy in the last, and held to be the law of the case.

Although, in the first decision it appears from the statement of facts in the case, as well as from the argument of counsel, the point as to the admissibility of the amended return, and the order under which the amendment was made, was presented, still, the cause was reversed upon other points presented by the record, and this was left undecided. In the first decision also, the facts showed that the judgment of the court, ordering a *non-suit*, and the restitution of the goods, was admitted in the primary court as evidence. Upon the trial, revised by the second decision, this evidence was rejected, upon the alledged ground that the sheriff did not prove except by his amended return, that the claim was regularly interposed. The effect of the amended return, coupled with the order allowing the amendment, and the judgment of *non-suit*, which ordered that the goods be restored, came directly before the court upon the last trial, and the decision of that question by the court seems to us to be decisive of the only remaining point in the case as at present presented.

The court, in the charge objected to, properly submitted to the jury the fact, whether Dawson, the claimant, a few days after the levy was made upon the goods, made affidavit that the goods levied upon by the defendant were his, and made a claim bond. The jury have passed upon these facts and by their finding affirm, that the affidavit and claim bond were so made, and we are bound to consider these facts as sufficiently proved. The question is, do they constitute a bar to the plaintiff's recovery. The counsel for the plaintiff in error insists, that the evidence before the court was not sufficient to warrant the charge. It is clear that most of this

evidence is secondary and inferior testimony; and I had been induced from the tenor of the argument on both sides, as to its sufficiency, to suppose, that it had been objected to in the court below; but on examination of the bill of exceptions, I find it was admitted without exception, and we must now regard it as received by consent.

The qustion involved in the charge, is not whether the evidence that a claim was put in by Dawson, by making the affidavit and bond required by the statute, was sufficient to establish the fact. That was a question with which the judge had nothing to do, unless the matter, as to its legal sufficiency had been presented in the form of a specific charge, which was not done in this case, but the question is, was there *any* proof conducing to establish the fact, that a claim was made to the property. If there was, the court very properly, as we have before said, submitted that fact to the ascertainment of the jury, and the fact being ascertained, it was the province of the court to declare what judgment the law pronounced as predicated upon it. In Clelland v. Walker, 11 Ala. R. 1059, it was held, that where there is testimony tending to establish a particular result, a prayer for instructions, affirming an admitted legal proposition, and which involves the consideration of this testimony, cannot be denied on the ground that it is abstract, because the evidence is such as should not convince the jury. So also, in Leigh & Co. v. Lightfoot, Ib. 935, the court held, that though the evidence was perhaps insufficient, yet if it was admissible, a charge predicated upon it was not erroneous; that if the opposite party desired other, or explanatory instructions, he should have prayed the court for them, and to charge explicitly as to the effect of the evidence. In this case, it was proven by one witness, that a few days after the levy was made, which was on the 1st February, 1840, he saw in the possession of defendant, Smith, an affidavit made by A. B. Dawson, as assignee of J. M. Friou, in which said Dawson swore the goods &c. levied upon were his. That at the same time, he saw in his possession a claim bond made by Dawson, which claim bond he advised the defendant was not good, inasmuch as it made no provision for replevying the property.

Another witness, the deputy sheriff who made the levy,

stated that he saw the affidavit, but had no recollection of the bond. Another witness proved, that to the best of his recollection, he saw said affidavit at the court held at Rockford, amongst the papers of one of the attornies of Dawson. It was shown that the defendant, as well as the witnesses, and the attornies engaged in the cause had made search for the affidavit and bond, and neither of them could be found, and consequently were not produced upon the trial. The person however in whose possession, or among whose papers the affidavit was last seen, was not examined. The witness, Dawson, swears, that about the 8th of February, 1840, he returned home and found the goods levied on—that he then went to the defendant, who had made the levy, and claimed the property as assignee, and gave bond for the trial of the right of said property, which claim resulted in favor of the claimants, to whom the property was returned, and by them was sold at auction, &c. The affidavit and bond produced as found in the papers on file, bear date after the return day of the plaintiffs' execution. The above, with the amended return, and the order granting leave to the defendant to make said amendment, is all the proof disclosed in the bill of exceptions, as to the interposition of a claim. This evidence being relevant, and admitted without objection, most certainly tended to establish the fact, that an affidavit was made and a claim bond given, a few days after the levy was made. Nor are we advised by the record before us, that the above was *all* the evidence adduced. It may be, that the claim was regularly interposed, and the papers through mistake post-dated, or that they were substituted by consent or otherwise. In the absence of proof which would reconcile or explain the apparent conflict in the testimony, it is impossible for us to determine, (were such the province of the court,) whether the fact was established by sufficient testimony. The charge was clearly not abstract, and as every intendment is to be made in favor of the verdict, we must presume (the bill of exceptions not showing the reverse,) that the jury found the fact of the interposition of the claim upon sufficient evidence. The record bears evidence, that a claim was put in and returned to the first court after the levy was made,

and that at the same term, "the plaintiffs moved the court to dismiss the claim put in by the claimants, for *insufficiency of claim bond filed in said cause*," which motion the court overruled. The court had jurisdiction over the subject matter of the claim, and entertained it, but committed an error in refusing to require of the claimants a proper statutory bond, for which its judgment was reversed by the supreme court. See Leavitt v. Dawson & Friou, 4 Ala. Rep. 335. That the taking an irregular or insufficient claim bond will not invalidate the claim, and that the interposition of the claim, if regular in other respects, will exonerate the sheriff from the summary remedy by motion here sought to be enforced against him, we must consider as settled questions, the law having been thus declared, when the case was last before the court. 10 Ala. 102-3. And we have but to repeat what is there stated, "that the summary remedies given by our statutes for neglects or defaults, must be confined to the precise facts which authorize the remedies attempted to be enforced"—and that there is an obvious difference as respects the demerit of a sheriff, between his total neglect to make the money where it was in his power to do so, and his taking through mistake an insufficient bond. In the one case, he brings himself within the statute authoring the party aggrieved to avail himself of the summary remedy by motion provided by the statute. In the other, the injured party must seek redress for the injury sustained, by action on his bond, or in case, for the negligence. Garey v. McCown, 6 Ala. R. 370; Hodges v. Laird, 10 Ib. 678.

The goods levied upon were amply sufficient to have satisfied the plaintiff's execution, and were pointed out by the plaintiff's attorney, as the property of the defendants, in the *fi. fa.* to be levied upon by the sheriff. The sheriff is not liable to this summary remedy, for failing to levy upon other articles of property in the possession of the defendant, which by *possibility* might not have been claimed. Walker v. Easley, 10 Ala. Rep. 671; Governor, use, v. Powell, 9 Ala. Rep. 83. But in this case there is no controversy as it re-

gards the sufficiency of the levy. We are unable to discover any error in the record, and the judgment of the circuit court must be affirmed.