MARY HAJEK, Appellant, v. BOHEMIAN-SLAVONIAN BENEVOLENT SOCIETY, Respondent.

St. Louis Court of Appeals, May 12, 1896.

1. **Pleading:** AMENDMENT OF NAME. Two organizations existed which belonged to the same fraternal order, and had similar but not the same names. One was incorporated; the other was not. Suit was brought on a contract made in fact by the corporation, but the petition and summons named the unincorporated organization as the defendant, the return of the sheriff showed service upon it, and it appeared and pleaded in abatement and to the merits, alleging that it was not incorporated. On trial of the plea in abatement the plaintiff sought to amend the name of the defendant to that of the corporation. *Held,* that the leave to amend was properly denied.

2. **Suit Against Unincorporated Organization as a Corporation:** JUDGMENT. *Held*, in the course of discussion, that a judgment can not be rendered in favor of a defendant which has no legal existence.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*John B. Roeder* for appellant.

*B. Schnurmacher* for respondent.

BIGGS, J.—This action is against the Bohemian-Slavonian Benevolent Society. The original petition alleged that the defendant was an Illinois corporation, and that it was doing business in the city of St. Louis as a benevolent insurance company. As a cause of action it was averred that the plaintiff's deceased husband held a certificate of insurance for $1,000 which was issued by the Supreme Lodge of the Bohemian-Slavonian Benevolent Society; that at the time of his death he was a member of the order; and that the plaintiff was designated in the certificate as beneficiary. A summons was issued against the Bohemian-Slavonian Benevolent Society. The return of the sheriff was that he executed the process in the city of St. Louis by delivering a copy of the writ and petition to Joseph Titl, "president of the Grand Lodge of Missouri of the Bohemian-Slavonian Benevolent Society, the within named defendant." Subsequently the society appeared by attorney, and moved to quash the return of the sheriff as insufficient. This motion was overruled. Thereupon an answer in the nature of a plea in abatement, as well as to the merits, was filed, in which it was claimed that the Bohemian-Slavonian Benevolent Society was not a corporation. The answer was sup-

ported by the following affidavit: "Joseph Titl, being duly sworn, makes oath and says that he is a member of the fraternal beneficial order, organized and existing under the name of Bohemian–Slavonian Benevolent Society, defendant in the above entitled action, and that the same is not a corporation." When this answer was filed, the plaintiff by leave of court amended the petition by adding, as an alias, in the caption the name "Supreme Lodge of the Bohemian–Slavonian Benevolent Society of the United States," and by alleging in the body of the petition that the defendant as thus designated had been incorporated under the laws of the state of Illinois, and that the corporation was generally known by the name of the "Bohemian–Slavonian Benevolent Society." Thereupon the supreme lodge of the society, appearing by its attorneys for that purpose only, moved to strike its name from the amended petition because no service had been obtained upon it. Upon the consideration of this motion the transcript shows that evidence was introduced, but it is not inserted, the clerk stating that it had not been furnished to him. The motion was sustained and the plaintiff excepted. This exception we can not consider, as such evidence is not preserved.

The plea in abatement was then tried and the following facts were developed by the evidence. The Bohemian–Slavonian Benevolent Society is an unincorporated organization or brotherhood. There is a supreme lodge of the order which is incorporated under the laws of Illinois, and with which all contracts of insurance are made. It is made up of delegates selected from the membership of subordinate lodges in the various states, and it is the supreme legislative body of the order. There is a grand lodge in each state, which is made up of representatives from the subordinate lodges of that state. The grand and sub-

ordinate lodges are not incorporated. At the conclusion of the evidence the plaintiff again asked leave to amend her petition by making the Supreme Lodge of the Bohemian–Slavonian Benevolent Society of the United States a defendant. This the court refused to allow, and the plaintiff excepted. The finding of the court on these facts was that the Bohemian–Slavonian Benevolent Society was not a corporation, and, therefore, could not be sued. The action was dismissed. The plaintiff has appealed, and complains of the action of the court in refusing the amendment and dismissing the action.

If the circuit court was right in refusing to allow the amendment to the petition to be made, its action in dismissing the suit upon the hearing of the plea in abatement was certainly right; for the evidence is uncontradicted that the Bohemian–Slavonian Society is not a corporation, but is only a name by which the order or brotherhood is generally known, and, therefore, no judgment could be rendered against it. So we need only discuss the first proposition.

The plaintiff did not seek by the amendment to introduce a new party defendant, for this she could not do, as the evidence is uncontradicted that there was no real defendant in the action; but her object, as declared in the brief of her counsel, was to correct a mistake in the name of the company which had been designated as defendant. The argument in support of this right is based upon the principle, which is recognized by the authorities, that, if a corporation is sued by a name by which it is commonly known—or a *mistake* is made in its name but the identity of the corporation is clearly indicated—such mistake may be corrected by amendment, or, if not corrected, will not vitiate the proceedings, provided the service of the summons in other respects is sufficient. Morawetz on Corporations, sec-

tions 354, 355, 171; *International Insurance Co. v. Davenport*, 57 Mo. 289; *Schaeffer v. Phoenix Brewery Co.*, 4 Mo. App. 115. But the facts do not justify the application of the rule to the present case, for the reason that the summons, as to the supreme lodge, etc.,—it being a foreign corporation—was not properly served. The statute (R. S., sec. 2017) provides for constructive service against foreign corporations, and it is only when the statutory requirements for such service are strictly observed that a personal judgment is authorized. *Gamasche v. Smythe*, 60 Mo. App. 161. The return of the sheriff shows that no attempt was made to serve the defendant or company named in the writ as a foreign corporation, and, therefore, the service of the summons, outside of the mistake in the corporate name, was insufficient.

It is urged, however, and it is the gist of the plaintiff's argument, that there was an appearance by which all defects in the service of the original summons were cured. There was an answer filed in the name of the company mentioned in the petition and writ. Are we authorized to hold that such appearance was that of the real corporation, notwithstanding it was not named in the writ, and was not properly served as a foreign corporation? We can not conceive upon what principle such a ruling could be justified.

We have treated the judgment as one of dismissal, although in terms it purports to be a judgment for defendant. Of course, no judgment can be rendered in favor of a defendant who has no legal existence. Hence, the affirmance of this judgment will not prejudice the plaintiff in another action brought against the only possible defendant, namely, the Supreme Lodge of the Bohemian–Slavonian Benevolent Society of the United States. All the judges concurring, the judgment is affirmed.