[Ex parte Hill.]

# *Ex parte* Hill.

## *Mandamus.*

(Decided Jan. 20, 1910.  51 South. 786.)

1. *Statutes; Title of Act; Matters Included; Right of Action.*—Title of the Acts of 1907, p. 279, (2nd S. S.) is broad enough in view of sections 3090, 4853 and 5299, Code 1907, to include in the Act that of liability to suit, since to stipulate how service of process may be effected, reasonably implies that such associations are to be made suable.

2. *Process; Judicial Process.*—Judicial process clearly includes a summons, since the terms are very comprehensive, and include the mandate of the court to its officers, a means whereby courts compel the appearance of parties and coerce compliance with its commands.

3. *Associations; Suit Against; Common Law.*—Unincorporated associations were not suable in their associate names at common law, and the suit had to be brought against the members of such association or organization.

4. *Mandamus; Quashing Service; Lack of Remedies.*—Where a court makes an order quashing service of process on an unincorporated association, which order is erroneous and works an injury to a party attempting to sue, and no appeal lies from such order, and no other remedy exists, mandamus will lie to compel the judge to vacate the order.

ORIGINAL petition in the Supreme Court.

Annie Hill seeks by mandamus to compel the Hon. W. W. Pearson as judge of the 15th judicial circuit, to set aside an order by him, quashing service upon an unincorporated association.  Mandamus awarded.

TYSON, WILSON & MARTIN, for appellant.—Mandamus will lie for the purposes sought.—*Wilson v. Duncan,* 114 Ala. 569; *Ex parte Woodruff,* 123 Ala. 99; *Brassell v. Southern C. Co.,* 131 Ala. 416; *Ex parte Jones,* 133 Ala. 212; *Brady v. Brady,* 144 Ala. 414. The lower court limited the caption of the act within bounds not contemplated by the Legislature, since the

title is sufficiently broad to include every phase of the act. It would be idle ceremony to provide for process unless the association is suable. As to what process is, see.—*Bir. D. G. Co. v. Bledsoe*, 113 Ala. 418; 20 Ency. P. & P. 1101 et seq. The statute is remedial, and should be so construed.—*Sprowl v. Lawrence*, 33 Ala. 674; *McKissack v. McLendon*, 133 Ala. 558; *T. V. R. R. Co. v. Amalgamated Soc.*, 70 L. J. Kib. 905. The association was suable.—*Montgomery Nat. B. & L. Assn.*. 108 Ala. 336. If the service made the association a party, the same service is necessarily sufficient to require an answer to interrogatories.—*McCaskey v. Pollack*, 82 Ala. 174.

BALL & SANFORD, for appellee.—Mandamus will not lie.—*Ex rel. Pinney v. Williams*, 69 Ala. 311; *Taylor v. Kolb*, 100 Ala. 602. In the absence of the statute the service of process could only be had on the individuals. —4 Cyc. 313. The act is clearly void, if it means to authorize suit by service on an officer.—Section 45, Constitution 1901; *State v. Sayre*, 118 Ala. 1; *Lindsey v. U. S. Assn.*, 120 Ala. 156.

MAYFIELD, J.—This is an original application to this court for a writ of mandamus to compel Hon. W. W. Pearson, judge of the Fifteenth judicial circuit, to set aside an alleged erroneous order made by him as judge of said court in a cause pending in such court in which the petitioner was a party. Judge Pearson has accepted service of the petition, and waived the rule nisi, and the cause is submitted for a peremptory writ.

The petition is in substance as follows That the petitioner instituted suit in the circuit court of Montgomery county against the defendant, and at the same time filed interrogatories under the statute to the de-

fendant, and that a copy of the summons and complaint and a copy of the interrogatories were served on an officer of the defendant association; that thereafter the defendant filed a motion to quash the service of the summons and complaint and of the interrogatories upon the grounds, in substance, that the defendant was only an unincorporated asssociation, and that service has not been had on the members of the association, but merely an officer thereof; and that an unincorporated association is not suable by its association name. The court sustained this motion and quashed the service of both the summons and complaint and of the copy of the interrogatories, against the objection of the plaintiff; and immediately afterwards the petition sets up that the plaintiff filed a motion to vacate this erroneous ruling, and the court overruled the motion of the plaintiff, to which action the plaintiff excepted.

The pending action in the circuit court was certainly grounded on, and adapted to be brought under, the provisions of an act of the second special session of the Legislature, dated August 25, 1909, which appears in the Acts of that Special Session, p. 279, and reads as follows:

"An act to stipulate how the service of process may be effected upon certain unincorporated organizations or associations.

"Be it enacted by the Legislature of Alabama as follows:

"Section 1. All unincorporated organizations or associations of every kind that issue policies or certificates of insurance of any kind to their members shall be suable in any county where they do business or issue such policies or certificates, and the summons may be executed upon them by serving a copy of the summons and complaint upon any officer of such organization or association."

The return of the sheriff of the process, the summons, and complaint was as follows: "On the 27th day of October, 1909, I served a copy of the within summons and complaint on C. First Johnson as District Grand Master of the defendant, he being as such District Grand Master an officer of the defendant association."

We take it from the argument of counsel that the trial judge justified his action in the matter on the theory that the title of the act was not broad enough to embrace that part of the body of the act which provides that certain unincorporated associations (one of which was the defendant) are suable in this state. The service of the process seems to have been had in strict accordance with the provisions of the act.

While the title of the act could easily have been more specific, in declaring the purpose or object of the act to make such association liable to an action in its associated name, yet we are of the opinion that this is necessarily implied from the caption. "To stipulate how the service of process may be effected upon certain unincorporated organizations or associations" reasonably implies that they are, or are to be made, suable. To provide for the service of process implies the power to issue such process; and the power to issue or serve judicial process implies an action or suit pending, or to be commenced by such process. The power to serve judicial process upon an individual, association, or corporation implies necessarily that such individual, corporation, or association is suable or subject to the process of the court for which such process issues.

Process, that is judicial, such as is meant in the title of this act, is a very comprehensive term. It has been held by this court to include the mandate of a court to its officers, and a means whereby courts compel the appearance of parties or compliance with its com-

mands, and clearly includes a summons. The suing out or service of a summons is the commencement of an action or suit.—Code, §§ 3090, 4853, 5299. The caption of this act certainly authorizes the issuance, and provides for the service, of a summons upon certain unincorporated associations. This being true, it certainly implies that an action against it is maintainable, or it intends to provide for the bringing of actions against such associations.

It is very true that at common law such unincorporated associations were not suable in their associated names, and that suit had to be brought against the members of such associations or organizations. The evident purpose of this statute was to change this rule, so as to make them suable in the courts of this state in their associated or club names, and to provide that service might be effected upon them by serving the process upon their officers. It therefore follows that the trial court erred.—Ency. Pl. & Pr. vol. 22, p. 242.

The association being suable under the statute, and being made a party defendant to this suit, the plaintiff had the right, under sections 4049 et seq. of the Code, to file interrogatories to the defendant, and to have copies served upon it or its attorneys, as provided by section 4050 of the Code. It follows, therefore, that the court erred in quashing the service of the summons and complaint and the copy of the interrogatories.

This order of the court being one not subject to revision on appeal or other remedy, and being erroneous, and working an injury to the petitioner, the plaintiff in the action at law, thus preventing his proceeding against the defendant, who had been properly served, as he had a right to do, but for the erroneous order, a mandamus will issue to the judge of said circuit court, commanding him to vacate the order as prayed in the

petition.—*Wilson v. Duncan*, 114 Ala. 659, 21 South. 1017; *Mallory v. Mallock*, 10 Ala. 595; *Kemp v. Porter*, 6 Ala. 172; *Ex parte North*, 49 Ala. 385; *Ex parte Tower Co.*, 103 Ala. 415, 15 South. 836; *Brazel v. New South Co.*, 131 Ala. 416, 30 South. 832.

Mandamus awarded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.