# W. T. ATCHISON, Respondent, v. CRAWFORD COUNTY FARMERS' MUTUAL FIRE INSURANCE COMPANY, Appellant.

**Springfield Court of Appeals, January 28, 1916.**

1. **CORPORATIONS: Denying Corporate Existence: Estoppel.** A number of persons associated themselves together to mutually insure each other's property. At the time there was no statutory provision for the incorporation of such association and after the passage of such a law no act was performed which showed any intent to incorporate. Such persons are not estopped to deny that the association was a body corporate although they had adopted a corporate name and entered into contracts.

2. ————: **Corporate Existence: What Essential to Charge.** Where an association of individuals carries on a business that may be conducted either as an unincorporated association or as a corporation, according to the election of its members, there must be some effort to act as a corporation or a holding out as such in order to render it liable as a corporation.

3. **DISMISSAL AND NON-SUIT: Parties Defendant: Wrongly Denominating.** A voluntary unincorporated society was sued as if it were a corporation. There being no party defendant, such suit must be dismissed.

4. **INSURANCE: Mutual Insurance Associaton: Constitutional Provisions: Rights of Insured.** The constitution of a mutual fire insurance association provided that losses should be paid only by voluntary contributions. Such provision would not preclude a member who had suffered loss by fire from obtaining judgment against the officers of such association for any funds of such association in their hands.

5. ————: ————: **Provision of Constitution: Compliance With.** The constitution of a mutual insurance association provided that no recovery could be had where the assessors of the district assisted by the member's three nearest neighbors made a report that the loss was caused through carelessness or inattention. Before the association can defeat recovery for loss under such provision it must appear that such association has complied with the provision and that the persons who signed the report were the assessors and the member's nearest neighbors.

Appeal from Crawford County Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED.

*E. E. Roberts* and *A. H. Harrison* for appellant.

*Frank H. Farris* for respondent.

ROBERTSON, P. J.—On January 28, 1888, a number of residents of Crawford county associated themselves together to carry on the business indicated by the name as set out in the caption of this opinion. On January 22, 1914, they had about $400,000 insurance in force with a membership of 700.

The constitution is prefaced as follows:
"Name: This Company shall be known as the Crawford County Farmers' Mutual Fire Insurance Company, of Crawford county, Missouri, and is formed for the purpose of insuring property by mutual voluntary contributions."

Section 1 reads as follows:
"Object of: We, whose names are registered in the books of this Company, have associated ourselves together, by mutual, voluntary contributions, to support each other in case of loss or losses by fire or lightning, to the amount of the assessed value of the property so destroyed; and it is hereby agreed and expressly understood that in no case shall this company, nor any of its members be held legally responsible for any loss or losses, and it is further understood and agreed that all losses shall be paid by voluntary contribution and in no other way."

Section 2 is as follows:
"OFFICERS: The officers of this company shall consist of a President, who shall be ex-officio Secreary and Treasurer; and two Assessors for each district."

Section 26 provides that "no property within the corporate limits of any city, town or village shall be insured by the company." The insurance of the company is confined to membership property in Crawford county.

Section 11 is as follows:

"DAMAGE: They (the two assessors of the district where the loss occurs) shall, with the assistance of three of the damaged member's nearest neighbors, assess the damage and make a report in writing to the President, and if it shall be shown by such report that the loss has occurred through the carelessness or inattention of any owners, then he or they shall not be entitled to any compensation for such loss or losses by voluntary contribution of the members aforesaid. For making such report each assessor shall receive the sum of one dollar. If a township shall be without any assessor the member shall report the loss to the two nearest Assessors who shall make the report as above and receive one dollar each and ten cents per mile one way to and from their homes to the place of the loss."

Section 13 is as follows:

"ANNUAL DUES: Each and every member shall pay at the annual meeting in each year into the treasury a sum equal to 33 1-3 cents on the one hundred dollars assessed valuation of his property, and if he shall fail to do so then the President shall notify him of his delinquency; and if he still fails to pay within twenty days after such annual meeting, then his name shall be erased from the books of this company and he can only again become a member by the paying of such annual dues, together with such assessments as may have been levied since such failure to do so; said moneys to be used in the payment of losses as they occur."

Upon a party becoming a member of the company, a certificate is issued to him describing the property insured, giving its valuation and location. Provision is made in the constitution for the appraisment of the property by the assessors. Section 24 provides that "a member is entitled to mutual support, by voluntary contribution, as soon as his property is assessed by the Assessors and recorded in their books."

On January 22, 1914, the plaintiff became a member of defendant company and received a certificate of insurance for $200 on his dwelling house and other sums on furniture, live stock and farm machinery, aggregating $1000. August 17, 1914, the dwelling was destroyed by fire and the following report was submitted to the President of the company by J. W. Roberts, one of its appraisers:

"Aug. 29, 14. After careful inquiry concerning the burning of W. T. Atchison's house we have decided that he is not entitled to any damage as we think the fire was caused by his own carelessness.

HENRY WHITE, SR.,
W. D. EDGAR,
CLISBY TROTTER."

The plaintiff being dissatisfied with this report procured another one to be made stating that the fire was of an unknown origin. This report was signed by a committee of five, but who they are or who selected them is not made clear.

The company refused to recognize the plaintiff's claim as a valid one against it and thereupon this action was instituted in 1914 against the company under the name as stated. The defendant, as named, entered a limited appearance and filed a verified plea in abatement alleging that defendant was not a corporation. Upon the hearing of the plea in abatement the defendant offered testimony that the members of the company had never undertaken to incorporate or to take advantage of section 7154, Revised Statutes 1909 (origi-

inating in Laws 1889, page 55; Revised Statutes 1889, section 5909). There was no testimony tending to prove that the members of the association had ever held themselves or their company out or undertaken to transact business as a corporation. Nevertheless, the court overruled the plea in abatement and the defendant filed an answer alleging the same facts as were set up in the plea in abatement and also, among other allegations that the fire was caused by plaintiff's own negligence. The incorporation of the defendant was denied under oath.

At the trial to a jury the plaintiff proved the organization of defendant company as above stated, the issuance of his certificate, offered the constitution in evidence, proved the loss, offered in evidence the reports above set out and offered other testimony not necessary to notice.

At the close of all the testimony the court, over defendant's objection, gave an instruction, at the request of plaintiff, containing the following:

"The court instructs the jury that the defendant by its conduct and mode of transacting business has brought itself within the laws of the State of Missouri governing Mutual Farm Insurance, and it cannot now deny liability on the ground of its failure to formally incorporate."

The court refused to give the following instruction requested by defendant:

"The court instructs the jury that the plaintiff is bound by all the terms and conditions of the constitution of the defendant company, and if the jury believe and find from the evidence that the constitution of the defendant company provides that in no case shall the company be held legally responsible for any loss or losses and that all losses shall be paid by voluntary contribution and in no other way, then the plaintiff would not be entitled to recover in this action and you will find the issues for the defendant."

The jury returned a verdict for the full amount of insurance on the dwelling house.   The defendant has appealed, and urges here various assignments of error of which we shall notice only the ones concerning the giving of the instruction in behalf of the plaintiff from which we copied above, the refusal of the instruction requested by defendant above set out and the contention made by defendant that the report on the loss, copied above, precludes a recovery by plaintiff.

The quoted portion of the instruction given in behalf of plaintiff raises a vital question in this case and one that apparently finds support in the case of Barbaro v. Occidental Grove, 4 Mo. App. 429, 434, wherein it is said that "Where an. association of persons assumes a name which implies a corporate body, and exercises corporate powers, they should not be heard to say they are not a corporation.   When they do acts, and contract, they are estopped from denying their corporate liability."   The statement of the facts and what immediately precedes this quotation discloses that it was not necessary in order to hold the defendant there as a corporation to apply the principle announced in the first sentence of that quotation.

In Catholic Church v. Tobbein, 82 Mo. 418, 424, it is held that a corporation's "existence cannot be questioned in a collateral proceeding, if it appear to be acting under color of law, and recognized by the State as such."   At the time the defendant association in the case at bar was organized there was no law authorizing an incorporation, and after the law became effective there is nothing shown in evidence that justifies the conclusion that the association ever attempted or desired to be a body corporate, or held itself out as a corporation, essential elements to constitute it a *de facto* corporation.   We take it to be a general rule that when an association of individuals are carrying on a business that may be conducted either as an unincorporated association or as a corporation, accord-

ing to the election of its members, there must be some effort to act as a corporation, or a holding out as such. Respondent cites some school district cases (among them, Black v. Earley, et al., 208 Mo. 281, 303; 106 S. W. 1014) wherein it is said that "a *de facto* body corporate, acting under color of law and legal right in conducting a public school for several years, is as free from collateral assault on its corporate life as one *de jure.*" This pronouncement makes more clear the general rule we have announced above. A school district exists only as a body corporate and when its business is conducted by individuals it must be done according to the law creating and governing corporations of this character. They must of necessity act, if they act at all, as a corporation. In the case at bar the individuals composing defendant company could act independent of the law under which they had the privilege of incorporating, but there is nothing in the law that prohibits the transaction of the business in which defendant was engaged by an unincorporated association of individuals. Numerous cases cited by respondent involve instances in which the alleged corporation has been recognized as such by the party denying its existence. In some of those cases the recognition was simply in its name as an entity, but those controversies were where the alleged corporation was affirming its existence and the other party was denying it. One such case is Stoutimore v. Clark, et al., 70 Mo. 471, 477. A case very similar to the case at bar is that of Metropolitan Street Railway Co. v. Adams Express Co., 145 Mo. App. 371, 130 S. W. 101, wherein the Kansas City Court of Appeals held that the suit, the defendant being unincorporated, must fail since there was no party defendant in the case. The St. Louis Court of Appeals in the case of Hajek v. Bohemian-Slavonian Benevolent Society, 66 Mo. App. 568, 571, made a similar ruling. These rulings appear to

have been recognized by the Legislature as calling for the act in Laws 1915, page 225. We are unable to conceive of any reason for holding the defendant in this case liable as a corporation and, therefore, declare that portion of the instruction given in behalf of plaintiff erroneous.

The above holding necessarily disposes of the case, but as other points are raised by the record and in the briefs we deem it expedient to discuss them to the end that further litigation may not proceed thereon. The above quoted instruction requested by the defendant was properly refused, for, notwithstanding, provisions in section 1 of the constitution that losses "shall be paid by voluntary contribution and in no other way," and what is contained in the preface and in section 24 concerning voluntary contributions, together with the general plan and purpose of the association, should not be permitted to stand as a literal barrier against a recovery from the company, which the refused instruction would have permitted. A member sustaining a loss would, at least, be entitled to a judgment against the officers of the company for any funds on hand held by the officers or trustees of the company, regardless of these provisions.

The defendant also contends that under section 11, above quoted, of the constitution, by reason of the report of the loss which we have copied above, the plaintiff cannot recover. If defendant is permitted to defeat a recovery by reason of those provisions in that section it must strictly comply therewith. It is not disclosed that this report in any manner complies with the provisions of said section. It does not appear that the three who signed the report were plaintiff's nearest neighbors; neither does it appear that the appraisers participated therein. All of these requirements are conditions precedent to the right of defendant to

192MA24

defeat the claim of plaintiff, under this section of the constitution.

It follows that the judgment must be reversed and it is accordingly so ordered.

*Farrington* and *Sturgis, JJ.,* concur.