(89 South. 435)

### GRAND INTERNATIONAL BROTHER-HOOD OF LOCOMOTIVE ENGINEERS v. GREEN.   (2 Div. 710.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 23, 1921.)

1. Associations ⬅20(2)—Unincorporated association not suable as such.

An unincorporated association cannot be sued as such, nor in its name only.

2. Associations ⬅20(4)—Service on officer of unincorporated trade union held insufficient, under act relating to unincorporated insurance associations.

Acts Sp. Sess. 1909, p. 279, relative to the service of process on certain unincorporated associations, applying only to associations that issue policies or certificates of insurance to their members, service of process on the chief

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

engineer and executive officer of a local division of an international trade union, which, though it required its members to take policies in an insurance association commonly referred to as its insurance department, issued no policies or certificates of insurance itself, though the assessments were collected through an officer of the union, and the president and secretary-treasurer of such association were ex officio members of the supreme governing body of the union, was insufficient to give the court jurisdiction of defendant.

**3. Appearance** ⬅️ **24(5) — Demand for jury trial not waiver of defective service on unincorporated association not suable as such.**

Whether or not the filing of a written demand for a jury trial, pursuant to Acts 1915, p. 939, operates as a waiver of defective service in any case such a demand by an unincorporated association, appearing specially to file a motion to quash such a service, did not operate as a waiver thereof, since such an association cannot be sued as such, and a suable party is essential to jurisdiction, whether by compulsory writ or voluntary submission; nor does a general continuance have such effect, such a continuance not being the equivalent of a continuance at defendant's instance.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Action by J. W. Green against the Grand International Brotherhood of Locomotive Engineers and others. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

The suit as originally filed was against the defendant named, together with John Nelson, John S. O'Gwyn, John T. M. Riser, Felix McDonald, W. S. Stone, C. H. Salmon, and W. S. Futch. Each one of these named defendants appeared specially to move to quash the summons, and later filed a plea in abatement, setting up that the order was a voluntary unincorporated association having a constitution, statutes, rules, and regulations, to which each one becoming a member thereof subscribed, and binds himself thereby to abide, and that the expulsion was done by Division No. 223 of said association, in accordance with the laws of said association, and that in doing so the members of said local division acted in a quasi judicial capacity and in violation of no law of the land; that all of its members have not been made parties defendant in this action, and that plaintiff's suit should abate. The summons was later amended by striking out all of the parties defendant, except the Grand International Brotherhood and W. S. Futch. The service was perfected by serving the summons and complaint upon John Nelson, Chief Engineer.

S. F. Hobbs, of Selma, for appellant.

Unincorporated associations may not be sued as such. 165 Ala. 368, 51 South. 786; 204 Ala. 213, 85 South. 553. The defendant does not fall within the exception. Acts 1909, p. 279. There was a misjoinder of parties defendant. 192 Mass. 572, 78 N. E. 753, 6 L. R. A. (N. S.) 1067, 116 Am. St. Rep. 272, 7 Ann. Cas. 638, and authorities supra. Counsel discuss other matters, with citations of authority, but, in view of the opinion, it is not deemed necessary to here set them out.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

The court acquired jurisdiction of the defendant. 151 Ala. 272, 44 South. 96; 25 Ala. 534; 71 Neb. 805, 99 N. W. 653; 212 Pa. 329, 61 Atl. 916; Acts 1909, p. 274, and authorities cited by appellant. Counsel discuss other matters, but, in view of the opinion, it is not deemed necessary to here set them out.

SAYRE, J. Appellee, to whom hereafter we shall refer as plaintiff, brought this action to recover damages for his alleged (count 1) wrongful and malicious expulsion from defendant association. Count 2, added by amendment, alleged that plaintiff's expulsion was wrongful; count 3, likewise added, alleged that plaintiff had been maliciously expelled. In the beginning individual members of the defendant association were nominated as parties defendant, but before the case was submitted to the jury plaintiff amended his complaint by striking the names of all individual defendants, leaving the Grand International Brotherhood of Locomotive Engineers as the sole party defendant. Demurrers to the original and amended complaint were overruled, and these rulings are assigned for error; but these assignments are hardly argued in a way to challenge decision, and in any event decision as to them will be deferred, since the appeal must be determined on other grounds.

[1] In the first place, it is urged that an unincorporated association may not be sued in the name of the association. In the complaint in its final form the Grand International Brotherhood of Locomotive Engineers, named as sole defendant, is not otherwise described. It does not there appear whether defendant is a body corporate or unincorporate. However, the evidence on the subject went to show without contradiction that defendant is an unincorporated association. An unincorporated association cannot be sued as such, nor in the name of the association, without more. Ex parte Hill, 165 Ala. 365, 51 South. 786; Grand Lodge v. Goodwin, 204 Ala. 213, 85 South. 553.

[2] But plaintiff relies upon the act of August 25, 1909 (Acts Sp. Sess. p. 279), as authority for the maintenance of this action. This act is set out in extenso in Ex parte Hill, supra. By its terms it applies only to organizations or associations "that issue policies

or certificates of insurance of any kind to their members." The evidence shows the existence of the Locomotive Engineers' Life & Accident Insurance Association, a corporation chartered under the law of the state of Ohio, and in this association plaintiff had two policies of insurance of long standing. We apprehend there is no controversy as to the facts constituting the relation between the defendant Brotherhood and the Insurance Association named above; but the parties differ, of course, as to the operation of the act of 1909 in the presence of the facts. The Brotherhood issues no policies or certificates of insurance; but members are now required to take policies in the Insurance Association, though for a time such insurance was not compulsory. As a result there are about 6,000 members of the Brotherhood who have no insurance in the Association. But no one, not a member of the Brotherhood, is eligible to insurance in the Association, and no one is now accepted as a member of the Brotherhood, unless he has passed a physical examination and is eligible to an insurance policy. The Insurance Association makes its collections of assessments for payment of indemnities through an officer of the local divisions of the Brotherhood. The president and secretary-treasurer of the Association are ex officio members of the supreme governing body of the Brotherhood, known as Grand International Division, and composed of 14 grand officers of the Brotherhood and one delegate from each division, along with the two officers, of the Association named above. The Insurance Association is commonly referred to as the Insurance Department of the Brotherhood; but, except as already in a general way stated, there is no financial or other relation between these organizations. The relation is intimate, and the evidence goes to show that the organization of the insurance corporation was deemed necessary to the successful operation of the Brotherhood. Still, it appears without doubt that the Insurance Association is a distinct entity from the Brotherhood. The former is a corporation capable, as the evidence shows, of contracting, suing and being sued, owning and holding property as fully and completely as an individual, whereas the Brotherhood has no such capacity and is in no legal sense the owner of the assets of the Association, nor liable on its contracts of insurance. These two organizations are neither actually nor legally identical. The question here presented has been decided adversely to plaintiff in Simpson & Smith v. Engineers, 83 W.

Va. 355, 98 S. E. 580, and by close analogy in Hajek v. Bohemian-Slavonian Benevolent Society, 66 Mo. App. 568. This, we think, disposes of plaintiff's contention that defendant was brought into court by the service of process on Nelson, chief engineer and chief executive officer of one of the local divisions which, throughout the country, compose the defendant Brotherhood.

[3] When filing its motion to quash service of process on the ground heretofore considered, defendant, though appearing specially for the purpose of making the motion, demanded a trial by jury; and at one call of the docket there was a general continuance. Upon these facts plaintiff now bases his proposition that, since a general appearance obviates the necessity of service, defendant has submitted itself to the jurisdiction of the court. The statute (Acts 1915, p. 939) provides that—

"If the defendant * * * desires a trial by jury he shall file a written demand therefor with the clerk of the court within thirty days after the perfection of service on him by endorsing such demand upon his initial pleading or by a separate written instrument."

In view of this provision of the statute we doubt that the demand for a jury trial in circumstances such as are here shown should be held to operate as a waiver of a defective service in any case, nor is a general continuance the equivalent of a continuance at the instance of the defendant; but, apart from these considerations, plaintiff's contention cannot be sustained. There is direct and unequivocal proof that defendant, so called, is a voluntary unincorporated association. Nothing is alleged or shown by way of estoppel. Plaintiff's contention cannot be sustained for reasons' which, in effect, have already been stated. There must be a suable party before the court. A suable party is essential to jurisdiction whether by compulsory writ or voluntary submission. Jurisdiction was therefore lacking in this case. Simpson & Smith v. Engineers, supra. We are constrained, therefore, to hold that the trial court acquired no jurisdiction of the defendant Brotherhood. As to it the judgment must be reversed. The cause will be remanded. Further questions that have been discussed in the briefs or that may hereafter arise will be reserved for a more exigent occasion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.