# Birmingham Southern Railroad Company *v.* Gunn, Admr.

*Action by Administrator against Railroad Company for
Killing of Intestate.*

1.  *Action for negligence; when action of trespass shown by aver-
    ment of complaint.*—In an action against a railroad company
    by an administrator to recover damages for killing of plain-
    tiff's intestate, a count of the complaint which avers that
    "defendant wantonly or intentionally caused the death of
    plaintiff's intestate by wantonly or intentionally causing one
    or more of said cars to run upon or against plaintiff's intes-
    tate," constitutes a cause of action in trespass, and to sustain
    such averment, and to entitle plaintiff to recover, proof of ac-
    tual participation on the part of the defendant in the damni-
    fying act is essential; and when the cause is tried upon such
    count, and there is no evidence introduced showing that the
    defendant corporation committed or actually participated in
    the commission of a wrong, such as is averred in such count,
    the defendant is entitled to the general affirmative charge
    in its behalf.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, William D.
Gunn, as the administrator of the estate of Ethridge

Nunnalee, against the appellant, the Birmingham Southern Railroad Company, to recover damages for the alleged negligent killing of the plaintiff's intestate. In the complaint the plaintiff claimed $25,000. The cause was tried upon the 4th count of the complaint, and the averments of negligence as contained in said count are set forth in the opinion. Under the opinion in the present case it is unnecessary to set out the facts in detail. Among the other charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, was the following: "If the jury believe all the evidence in this case, they must find a verdict for the defendant on the 4th count of the complaint."

There were verdict and judgment for the plaintiff, assessing his damage at $11,500. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

A. G. & E. D. SMITH, for appellant.—The defendant was entitled to the general affirmative charge which it asked.—*G. P. Ry. Co. v. Ross*, 100 Ala. 491; *G. P. Ry. Co. v. Lee*, 92 Ala. 262; *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350: *Stringer v. A. M. R. R. Co.*, 99 Ala. 397; *L. & N. R. R. Co. v. Richards*, 100 Ala. 365; *A. G. S. R. R. Co. v. Hall*, 105 Ala. 599.

BOWMAN, HARSH & BEDDOW, *contra*.—Cited *L. & C. R. R. Co. v. Martin, Admr.*, 131 Ala. 280; *Terrell Coal Co. v. Lacy*, 31 So. Rep. 112; *Daniel v. Bradford*, 31 So. Rep. 455.

SHARPE, J.—This cause was tried upon the fourth count of the complaint and upon no other. In that count the wrong averred is that "defendant wantonly or intentionally caused the death of plaintiff's intestate by wantonly or intentionally causing one or more of said cars to run upon or against plaintiff's intestate," etc. In *City Delivery Co. v. Henry*, (decided at last term) 34 So. Rep. 389, this court through its Chief Justice said of a similar charge made against a corporation,

"We see no escape from the conclusion that the wantonness, willfulness and intentional wrong thus averred are the wantonness, willfulness or evil intention itself, as contradistinguished from the wrong of the servant only, for the consequences of which the defendant is responsible merely because of its relation of employer," etc., and it was held the action was in trespass and that to sustain such an averment, "proof of actual participation on the part of the defendant in the damnifying act was essential." In this cause there was no evidence that the defendant corporation itself committed, or actually participated in, the commission of a wrong such as is averred in the fourth count. Therefore, and on the authority of the decision above referred to together with that rendered in *Southern Bell Tel. Co. v. Francis,* 109 Ala. 224; and *Sou. Ry. Co. v. Yancy,* (in MSS.) 37 South., it must be held that there was error in the refusal of the general affirmative charge requested by the defendant.

In view of the character of the complaint and of the evidence, it seems unnecessary to consider other questions raised by the record.

Reversed and remanded.