# Birmingham Railway, Light & Power Co. *v.* Glover.

*Action against Street Railway Company by Passenger to Recover Damages for Personal Injuries.*

1. *Action by passenger for personal injuries; sufficiency of complaint.*—In a suit brought by a passenger against a street railroad company to recover damages for personal injuries, a count of the complaint which avers that "defendant was negligently operating said car at or near a point on defendant's 'line * * * * that while plaintiff was engaged in or about to alight from said car, his body, as a proximate conse-

[Birmingham Railway, Light & Power Co. v. Glover.]

quence of said negligence, was caused to leave said car and strike the street with great force and violence, whereby plaintiff was bruised," states a cause of action.

2. *Same; same.*—In such an action a count of the complaint which avers that the plaintiff "had informed the defendant's servant, the conductor or motorman of said car, of his purpose and desire to alight from said car  *  *  *  , that it was and then became the duty of defendant's servant, after slackening and reducing the speed of said car, not to increase the speed of said car until plaintiff had alighted from said car, or had had a reasonable opportunity to alight from said car; that, notwithstanding said duty, the defendant's servant negligently, suddenly and greatly increased the speed of said car before plaintiff had alighted therefrom, and before plaintiff had had a reasonable opportunity to alight therefrom; that as a proximate consequence of said negligence," plaintiff suffered the injuries complained of,—is faulty in assuming instead of alleging that defendant's servant slackened the speed of the car, upon being informed that the plaintiff desired to alight therefrom, and in not alleging that it was the duty of defendant's servant to decrease the speed then and there; but said count is not subject to demurrer upon the ground that it does not appear therefrom that at the time of the increase of the speed of the car, the plaintiff was in the act of alighting therefrom, and said complaint states a cause of action.

3. *Same; same; when count does not charge willfulness, wantonness or recklessness.*—In such a case where a count of the complaint, after stating that plaintiff was a passenger, and that there was duty on the part of defendant's servant to plaintiff not to increase the speed of the car after being advised that plaintiff desired the car stopped that he might alight, then alleges that "the said motorman, the defendant well knowing that plaintiff was seeking to alight, and well knowing that a sudden jerk would probably throw plaintiff from the car, with wanton and willful, or reckless negligence, suddenly increased the speed of said car, and as a proximate consequence thereof," plaintiff was thrown from the car and injured, such count of the complaint does not aver that the motorman wantonly, willfully or recklessly caused plaintiff's fall, and therefore pleas of contributory negligence on the part of plaintiff set up a defense to such count.

4. *Same; same; same.*—Such count is inapt, if not affirmatively bad as one alleging willful injury inflicted by the motorman in that it avers not that the motorman had knowledge of the

probable disastrous consequence of his act, but that the "defendant" had such knowledge; and the knowledge of the defendant in its corporate capacity, is not sufficient to characterize the act of the plaintiff on the part of the motorman as being willful.

5  *Action against street railroad company by passenger; contributory negligence.*—Where a passenger upon a street car steps off the car backwards while it is going at the rate of 5 or 6 miles an hour, or with his face towards the rear of the car, he is guilty of contributory negligence, which precludes his recovery for injuries sustained, by reason of trying in this way to alight from the car.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee against the appellant, Birmingham Railway, Light & Power Company, to recover damages for personal injuries. The complaint contains 5 counts. The first count of the complaint was in words and figures as follows: 1. "Plaintiff claims of the defendant the sum of five thousand dollars, as damages, for that heretofore, to-wit, on the 23rd day of August, 1902, the defendant was a common carrier of passengers for hire or reward from that part of Birmingham, Jefferson County, Ala., known as the South Side to Jonesville by means of a certain car operated and propelled along its rails and track by means of electricity; that plaintiff was a passenger on said car and that the defendant so negligently operated said car at or near a point on defendant's line of street railroad, to-wit, Avenue A. and 20th street, in the City of Birmingham, that while plaintiff was engaged in or about alighting from said car at or about Avenue A and 20th street, his body, as a proximate consequence of said negligence, was caused to leave said car and strike the street with great force and violence, whereby plaintiff was bruised and lacerated, his head was split open, his hip and arm were injured, he was rendered unconscious, and was made sore and sick and suffered great mental and physical pain and loss of time from his work, and was rendered much less able to work and earn money,

and was put to great expense for medical attention, medicine, care and nursing in his said efforts to heal and cure his said wounds and injuries." The second count was stricken, and the substance of the third and fifth counts is sufficiently shown in the opinion. To the first count of the complaint. the defendant demurred upon the ground that the allegations of negligence contained therein was but the affirmance of the conclusion, and that said count contained no allegation of fact showing what constituted the negligence complained of. To the 3d count of the complaint the defendant demurred on the following grounds: (A) "For that it does not appear therefrom that at the time of the alleged increase of speed of the said car the plaintiff was in the act of alighting therefrom. (B) 'For that for aught that appears by the allegations of the said count of said complaint the plaintiff may have been seated in his seat on the car at the time of the alleged increase of speed of said car. (C) For that it is not alleged therein that the plaintiff was in the act of alighting from the defendant's car at the time the speed of the said car was increased." To the 5th count of the complaint the defendant demurred on the following grounds: (A) "For that it is not averred therein that the defendant wantonly, willfully or recklessly inflicted injury upon plaintiff. (B) For that the allegations that the motorman with wanton, willful or reckless negligence, suddenly increased the speed of said car, is not equivalent to an allegation that the said motorman wantonly, willfully or recklessly inflicted injury upon the plaintiff. (C) For that the allegations thereof are repugnant in this, that the same seeks to charge the defendant with the wanton, willful or reckless infliction of the injury while the facts averred in the said count of said complaint constitute but simple negligence." These demurrers were overruled.

The defendant pleaded the general issue and three special pleas, setting up the contributory negligence

on the part of the plaintiff. The plaintiff demurred to the special pleas of contributory negligence as an answer to the 5th count of the complaint, upon the ground that the alleged contributory negligence was no answer to said complaint. This demurrer was sustained, and the defendant duly excepted.

The plaintiff introduced evidence tending to show that the plaintiff was a passenger on one of the defendant's cars, as alleged in several counts of the complaint, and was thrown off of said car, and sustained the injuries complained of, by reason of a sudden jerk of said car while he was trying to alight therefrom, such jerk having been caused by a sudden increase of speed of said car.

The testimony of the defendant tended to show that while the defendant's car was running at a rate of 5 or 6 miles an hour, the plaintiff stepped off of said car backwards on to the ground, or with his face towards the rear of the car, and that there was a sudden jerk of the car at the time the plaintiff attempted to alight therefrom. Among the charges given by the court at the request of the plaintiff, and to the giving of each of which the defendant separately excepted, was the following: (5) "I charge you that as a matter of law it would not have been contributory negligence for the plaintiff to even step off of the car while moving; it is a question for you to decide." The defendant requested the court to give to the jury the general affirmative charge as to each of the several counts of the complaint, and to the court's refusal to give each of said charges as asked, the defendant separately excepted.

There were verdict and judgment in favor of the plaintiff, sustaining his damages at $300.00. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & MORROW, for appellant.—Cited *L. & N. R. R. Co. v. Barker*, 96 Ala. 435; *Kansas City, Memphis & Birmingham R. R. Co. v. Crocker*, 95 Ala. 412.

[Birmingham Railway, Light & Power Co. v. Glover.]

DILL & ALLEN, *contra.*—Cited *Ga. Pac. Ry. Co. v. Lee,* 92 Ala. 262; *Ala. Grt. Sou. R. R. Co. v. Burgess,* 116 Ala. 515.

McCLELLAN, C. J.—It is sufficient in a complaint by a passenger against a railway company claiming damages for personal injuries to aver that the defendant negligently operated its train and that thereby or in consequence thereof the plaintiff was injured, etc., etc The charge of negligence made by the first count is sufficient.

The 3rd count of the complaint avers that plaintiff was a passenger on defendant's electric street car, and "had informed the defendant's servant, the conductor or motorman of said car, of his purpose and desire to alight from said car at or near Avenue A and 20th Street; that it was and then became the duty of defendant's servant after slackening and reducing the speed of said car not to increase the speed of said car until plaintiff had alighted from said car or had had reasonable opportunity to alight from said car; that notwithstanding said duty, the defendant's servant negligently, suddenly and greatly increased the speed of said car before plaintiff had alighted therefrom and before plaintiff had had reasonable opportunity to alight therefrom; plaintiff says that as a proximate consequence of said negligence, plaintiff's body was caused to leave or be thrown from said car, and to strike the street with great force and violence causing plaintiff to suffer the injuries and damages set forth in the first count of this complaint." This count is faulty for assuming instead of alleging that defendant's servant slackened the speed of the car upon being informed that plaintiff desired to alight from it. It should also have alleged that it was the servant's duty to decrease the speed then and there. But the demurrer does not point out these omissions, if indeed they be material. The objection which was taken by the demurrer, we do not think tenable. The count does allege that the servant did negligently, greatly and suddenly increase the speed, that he owed plaintiff the duty to re-

32c

frain from so increasing it, and that this negligent vio-
lation of this duty caused plaintiff's fall and injury.
Under the rule which obtains in this court in this class
of cases and admits of the most general averments of
causal negligence—"little if at all short of mere con-
clusions"—we must hold the averments good.

The 5th count after stating plaintiff's relation of pass-
enger to defendant, etc., etc., and the duty of the ser-
vant to plaintiff not to increase the speed of the car af-
ter being advised that plaintiff desired the car stopped
that he might alight, etc., etc., proceeds as follows:
"Plaintiff says that the said motorman, the defendant
well knowing that plaintiff was seeking to alight and
well knowing that a sudden jerk would probably throw
plaintiff from the car with wanton, willful or reckless
negligence, suddenly increased the speed of said car and
as a proximate consequence thereof" plaintiff was
thrown from the car, etc., and injured, etc., etc. The
thing here alleged that would and that defendant knew
would probably cause plaintiff to fall is a "sudden jerk"
of the car. It was not alleged that the motorman caused
a sudden jerk of the car. The averment is that he "sud-
denly increased the speed of the car." A sudden increase
of speed may cause a sudden jerk of the car or it may not;
it depends upon the degree of sudden increase. Any in-
crease of speed is necessarily sudden in a sense: it is a
thing of the instant; but it does not imply such violent
and immediate great increase as *jerks* the car. So that
this count, especially when construed most strongly
against the pleader, does not aver that the motorman
willfully, wantonly or recklessly did the thing which to
his knowledge would probably cause plaintiff to fall, but
to the contrary, that he did a thing, which so far as the
count shows, he had no reason to believe would injure
the plaintiff. The count does not in terms aver that the
motorman wantonly, willfully or recklessly caused plain-
tiff's fall, and that conclusion cannot be reached from
his willfully, wantonly or recklessly doing an act that
was not likely or to his knowledge liable to produce that
result. Hence we conclude that this count does not

present a charge of willful or wanton injury, but of a merely negligent injury; and it follows that the pleas of contributory negligence answered this as well as the other counts, and the demurrer to them, which proceeded on the ground that contributory negligence was no defense to the 5th count, etc., should have been overruled. the count is also inapt if not affirmatively bad as one for willful injury inflicted by the motorman, for that it, in fact, avers—though we have assumed the contrary in the foregoing discussion—not that he, the motorman, had knowledge of the probable disastrous consequences of his act, but that the *defendant* had such knowledge. The knowledge of the defendant in its corporate capacity or by some other servant than the motorman cannot thus be made to characterize as willful, and the like, an act on the part of the motorman which is not willful, or the like, in the absence of knowledge by him.

For the plaintiff to have stepped off the car while it was going at the rate of speed some of the evidence tends to show it was going, and in the manner some of the evidence tends to show he did step off, i. e., by walking off backwards, or, as other evidence tends to show, with his face towards the rear of the car, would have been negligence as a matter of law. Charge 5 should therefore, have not been given for the plaintiff.

We find no error in the other rulings of the court on request for instructions.

It is unnecessary to consider the motion for a new trial.

Reversed and remanded.

Tyson, Simpson and Anderson, J.J., concurring.