(85 South. 553)

## GRAND LODGE OF ALABAMA, A. F. & A. M. (Colored), v. GOODWIN.
### (6 Div. 41.)

(Supreme Court of Alabama. April 22, 1920.)

1. **Parties ⬉95(6)—Complaint against unincorporated association may be amended by adding members.**

Complaint originally brought against an unincorporated association, which could not be sued as such, could be amended by adding as defendants the members of such association.

2. **Depositions ⬉83(3)—Taken prior to amendment adding defendants will be suppressed.**

Where complaint against an unincorporated association was amended by adding members of the association as defendants, a deposition taken before the amendment will be suppressed on timely motion.

3. **Depositions ⬉111(1) — Introduction of deposition taken before amendment not error, in absence of objection or motion.**

Admission of deposition taken prior to amendment of complaint by adding defendants, where there was no motion or objection to the introduction thereof, was not error.

4. **Appeal and error ⬉1040(7)—Sustaining demurrer to pleas harmless, where defense heard under other plea.**

The sustaining of demurrer to pleas was harmless, where the defense set up therein was heard under other plea.

5. **Witnesses ⬉158—Conversation between beneficiary and officer of society held not transaction with deceased.**

In action on benefit certificate by plaintiff, claiming to have been made beneficiary by letter from insured to the society giving notice of change of beneficiaries, plaintiff's testimony as to her conversation with officer of the society, to whom it would have been necessary for insured to give such notice, *held* not incompetent, under Code 1907, § 4007, relating to testimony as to transaction with deceased persons.

6. **Evidence ⬉185(1)—Secondary evidence not admissible, in absence of effort to procure original.**

Where person to whom letter was sent was present at the trial, secondary evidence as to

the contents thereof should not have been admitted, without requiring proof of an effort to have him produce the letter.

**7. Appeal and error** ⊙⇒1052(4)—**Secondary evidence, without preliminary proof, held harmless, in view of subsequent testimony.**

The admission of secondary evidence as to contents of letter, without requiring proof of effort to procure person to whom letter was sent, who was in court, to produce letter, was rendered harmless by subsequent testimony of such person, in which he denied receipt or knowledge of such letter.

**8. Insurance** ⊙⇒818(1)—**Testimony as to payment of proceeds to person other than plaintiff inadmissible.**

In action on death certificate, evidence as to payment of the entire proceeds of the certificate to other person was inadmissible; plaintiff not being affected by a transaction to which she was not a party.

**9. Appeal and error** ⊙⇒1048(5) — **Permitting response to question held harmless, in view of answer.**

In action on death benefit certificate by plaintiff, claiming to have been made beneficiary of one-half of proceeds, wherein the society claimed to have had no knowledge of any change in beneficiaries, action of court in permitting witness to answer question as to whether plaintiff's claim had been discussed in the society held harmless, in view of negative answer thereto.

**10. Insurance** ⊙⇒784(1)—**Notice of change of beneficiary to officer of society was notice to society.**

In action on death benefit certificate by plaintiff, claiming to have been made beneficiary of one-half of proceeds of certificate by notice of change of beneficiaries, instruction that notice of change of beneficiary given particular officer of the society was notice to the society itself held not error.

**11. Appeal and error** ⊙⇒187(2)—**Membership in society cannot be raised for first time on appeal.**

In action against members of an unincorporated fraternal benefit society on death benefit certificate, defendants cannot complain on appeal that they were not shown to have been members at or before the death of insured, where no objection to joining them as defendants was made until after rendition of verdict.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Delia Goodwin against the Grand Lodge of Alabama, A. F. & A. M. (Colored), and others, on an insurance benefit certificate. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

As originally brought, the suit was against the Grand Lodge of Alabama, Ancient Free & Accepted Masons (Colored). By amendment the following were added as parties defendant: H. C. Harris, J. T. Gregory, H. C. Binford, W. T. Woods, C. H. Evans, C. W.

McDaniel, and C. W. Allen, with the additional allegation:

"Plaintiff avers that the individual defendants hereto, and others whose names are to the plaintiff unknown, were at the time of the accrual of plaintiff's cause of action acting as a voluntary association known and called Grand Lodge of Alabama, Ancient Free & Accepted Masons."

The following is plea 8:

(8). For further plea and answer to the complaint, and each and every count thereof, separately and severally, defendants say the deceased, James Wright, was a member of Purity Lodge prior to his death, and in accordance with the laws of the endowment defendant executed a certificate, showing what disposition should be made of the endowment to which he was entitled at his death, which certificate is in words and figures as follows:

" 'Certificate, Showing to Whom Money of Endowments must be Paid at Death.—To the Worshipful Master, Warden and Brethren of Purity Lodge No. 215 of Free & Accepted Masons, under the Jurisdiction of the Grand Lodge of Alabama, Located in the Town of Trussville, County of Jefferson, and the State of Alabama: I, James Wright, do consider myself to be of sound mind. I am —— years of age, and a member of Lodge No. 215 in good standing, and reside at No. Trussville street in the county of Jefferson of —— and state of Alabama. I direct that in case of my death all benefits to which I may be entitled from the endowment department, all to be paid to my wife, Mrs. Hattie Wright, or so much to my ——. This certificate may be changed by signer from time to time. [Sign name in full] James Wright. Witness: J. D. Kent. R. H. Bradshaw.'

"And defendants aver that they had no notice of any change of the beneficiary designated by said certificate, and had no notice that Delia Goodwin, the plaintiff, had any interest in the proceeds of said endowment, and that in accordance with said certificate they paid Hattie Wright the amount of the benefits or endowment to which said James Wright was entitled at the time of his death, namely, the sum of $100, which was in full settlement of the endowment due by virtue of the membership of the said James Wright in the defendant association."

The question in the sixteenth assignment of error was a question to A. J. Nelson on the cross-examination:

"Q. Did you, or not, or was it, or not, discussed in the lodge, after James Wright died, and before you paid the $100, that this woman claimed $250?"

The other facts sufficiently appear from the opinion of the court.

Frank S. White & Sons, of Birmingham, for appellant.

An unincorporated association cannot be made a defendant. 165 Ind. 421, 75 N. E. 877, 2 L. R. A. (N. S.) 788, 6 Ann. Cas. 829.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Parties to a cause should appear in the body of the complaint. 31 Cyc. 96. Depositions were taken before the amendments, and therefore were not admissible against the parties brought in. Section 5367, Code 1907; 145 Ala. 617, 39 South. 576. If there was no legal entity in the defendant, there is no foundation upon which to base an amendment. 30 Cyc. 27 and 98. A change of beneficiary cannot be had without the consent of the insurer. 4 Cooley's Briefs, 3671. Delia Goodwin's evidence violated the provisions of section 4007, Code 1907.

Hugo Black, of Birmingham, for appellee. No brief came to the reporter.

SAYRE, J. [1] Originally the Grand Lodge of Alabama, A. F. & A. M. (Colored), was named as the sole defendant. When the suit was brought, 1909, the so-called defendant was an unincorporated association and could not be sued as such. Moore v. Burns, 60 Ala. 269. By amendment the names of several individuals were added as defendants, with the allegation that they, and others whose names were unknown to plaintiff, acted as the association originally named as defendant, and they appeared in defense. As for any question raised, there is no objection to this practice. If the plaintiff had been an unincorporated association, appearing in its association name only, and as such entitled to no recognition in the law courts, it may be that the original complaint would have afforded no basis for an amendment; but it seems that the rule is otherwise when such an association is made the party defendant. 30 Cyc. 27, 98. Our judgment is that there was no infraction of the rule discussed and applied in Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 South. 576, where it was held that an entire change of parties defendant worked a discontinuance as to the defendant whose name was last brought in.

[2, 3] A deposition was taken before the amendment noted supra. This deposition would have been suppressed on timely motion. Henderson v. Hall, 134 Ala. 455, 32 South. 840, 63 L. R. A. 673. But there was no motion nor any objection to the introduction of the deposition, and hence no error.

[4] There is no need to go into a detailed consideration of pleas 4, 5, 6, and 7, to which demurrers were sustained. The defense set up in these pleas was, without the requirement of unnecessary allegation, heard under plea 8. In fact, the only issue contested between the parties was stated in its simplest form in this last-mentioned plea, so that, if there was error in the rulings on pleas 4, 5, 6, and 7, it can avail appellants nothing.

[5] Plaintiff, appellee, claimed to be the designated beneficiary of one-half of the policy, or benefit certificate, in suit. She claimed by designation of the insured, properly made known before his death to the association in which he was insured. She testified to nothing within the ban of section 4007 of the Code. She testified to a conversation with one Nelson, who was worshipful master of the lodge of which deceased had been a member, and to which it was necessary, it seems, to give notice of the change of beneficiary under which appellee claimed; her testimony tending to prove the receipt by Nelson of a letter constituting notice that insured had changed in part the beneficiary, but there was nothing in that contrary to the statute.

[6, 7] Secondary evidence was received, over defendants' objection, as to the contents of the letter which plaintiff claimed had been sent to Nelson. The letter, according to plaintiff's evidence, had been written and mailed, postage paid, to Nelson at his post office; but defendants denied possession or knowledge of it. Nelson was not a party to the cause; but he was present at the trial, and plaintiff should have shown an effort to have him produce it preliminary to evidence of its contents at secondhand. Mordecai v. Beal, 8 Port. 529; Laster v. Blackwell, 128 Ala. 143, 30 South. 663. But at a later stage of the trial, Nelson became a witness and denied receipt or knowledge of any such letter. This rendered harmless the error in admitting secondary evidence of its contents without proper preliminary proof.

[8] The question as to whether the amount paid to Hattie Wright, widow of the insured, was in full of his certificate of insurance, was irrelevant to the inquiry whether one-half the certificate had been made payable by insured to plaintiff, who was his mother. If plaintiff was entitled to one-half the proceeds of the certificate, her right could not be affected by a transaction to which she was not a party.

[9] The answer to the question made the subject of the sixteenth assignment of error was in the negative, and harmless to defendants.

[10] The by-laws of the association required that every holder of a certificate of insurance should file a certificate designating the beneficiary; the form of the certificate in use showing that it was addressed to the worshipful master, wardens, and brethren of the lodge of which the insured was a member. We think there was no error committed when the court charged the jury, in effect, that notice (of a change of beneficiary) to the worshipful master of insured's lodge was notice to "defendant." Whether there was such notice in fact was left with the jury; it was in fact the only controverted issue in the cause.

[11] The argument in support of the assignment of error based upon the overruling

of defendants' motion for a new trial reiterates the alleged errors to which reference has been made, and in addition suggests that defendants were not shown to have been members of the association at or before the death of the insured. It is true that no question was asked of any witness on this point, and the contention here seems to be an afterthought; there having been no specific question on this point made in the motion. Defendants did, however, allege in their motion that the court had erred in refusing their request for the general charge. Whatever may be said as to the case of the individual defendants, other than H. C. Binford and H. C. Harris, the jury may have inferred from undisputed correspondence in evidence that the named parties were members of the defendant association, and as such liable in plaintiff's action. The general charge, therefore, in the comprehensive form requested, was refused without error; nor have the separate cases of the other individual defendants been presented by any separate assignments of error here or in the motion for a new trial. Having thus throughout made common cause with defendants against whom a verdict was warranted, these defendants, last referred to, cannot now have the benefit of a difference in their cases to which attention has never been called.

We have stated our consideration of all assignments of error deemed of sufficient importance to tolerate separate mention. The rest need no separate consideration.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.

⬤➜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes