(87 South. 610)

## CHASE NURSERY CO. et al. v. BENNETT
### (8 Div. 229.)

(Supreme Court of Alabama. Jan. 13, 1921.)

1. Highways ⬥184(1, 4)—Admission of evidence of wanton act of servant under count charging defendants directly with wantonness inadmissible.

When a count alleged defendants wantonly or willfully injured plaintiff by causing an automobile to run over or against a mule hitched to the buggy in which he was riding, charging the wrongful act directly against defendants, it was error to admit evidence of wantonness on the part of their chauffeur and to give an instruction authorizing a recovery on such evidence.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 204 Ala. 326.

**2. Highways ⊜⇒184(3)—Evidence held to make question for jury as to wanton injury.**

Evidence tending to show that defendants' automobile ran against plaintiff's mule and caused it to run away and injure plaintiff, and other evidence, some of which tended to show that one of the defendants was in the car and some that he was driving the car, justified the refusal of the affirmative charge under a count charging defendants directly with wantonly injuring plaintiff. .

**3. Witnesses ⊜⇒379(2)—Contradictory statements of witness may be proved.**

Where defendants' chauffeur denied running his car into plaintiff's mule, it was permissible, after laying a proper predicate therefor, to show that he had made statements contradictory of such testimony.

Appeal from Circuit Court, Madison County ; Robt. C. Brickell, Judge.

Action by R. W. Bennett against the Chase Nursery Company and others for damages for personal injuries sustained in a collision between an automobile and a buggy. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Spragins & Speake, of Huntsville, for appellants.

The appellate court has not renounced its duty to revise verdicts, where grave injustice has been done. 192 Ala. 515, 68 South. 346; 181 Ala. 565, 61 South. 914; 16 Ala. App. 308, 77 South. 458; 116 Ala. 142, 23 South. 53; 171 Ala. 427, 55 South. 134. The evidence as to what Brandon said several months before the happening was inadmissible. 185 Ala. 313, 64 South. 600; 98 Tex. 512, 85 S. W. 1134; 16 Cyc. 1003.

R. E. Smith, of Huntsville, and Callahan & Harris, of Decatur, for appellee.

If the defendant Henry Chase was present and participated, as the evidence tended to show, then defendant was not entitled to the affirmative charge as to count 2. 101 Ala. 165, 13 South. 297. The evidence as to Brandon's statements was admissible. 1 Wigmore, 102; 3 Id. § 1729; 16 Cyc. 1187; (C. C.) 51 Fed. 171; 133 Ala. 15, 32 South. 158; 201 Ala. 215, 77 South. 741; 131 Ala., 147, 32 South. 503; 32 Ala. 705.

BROWN, J. This is an action by appellee against appellants, Chase Nursery Company, a corporation, Henry B. Chase, and Robert Chase. The first and third counts of the complaint ascribe the injury to the negligence of the defendants' servant or agent acting within the line and scope of his authority in the operation of the defendants' automobile on a public highway. The second count charges:

"That on, to wit, about the 16th day of September, 1916, the defendant wantonly or willfully injured plaintiff by causing an automobile to run over or against a mule hitched to a buggy in which the plaintiff was riding, causing said mule to become frightened and run away, throwing plaintiff from the buggy, injuring and crippling him," etc.

[1] On the trial, the court, over defendants' timely objection, allowed the plaintiff to show by the witness George Cummings that in the spring of the year before the plaintiff received his injuries that witness had a conversation with Arthur Brandon (who was afterwards shown to be a chauffeur in the service of the defendants), in which they were laughing and talking about Mr. Bennett, and Brandon said:

"That Mr. Bennett and his damned little mule would not give people any of the road, and would not get out of the way. Some of them remarked, 'Why don't you knock him off the road?' He said that he didn't want to do that, but that he was going to hit his mule."

The court in overruling defendants' motion to exclude this evidence stated that it would be limited to the wanton count.

If it should be conceded that this evidence would be admissible to show a design on the part of Brandon to do a wrongful and wanton act, in a case where he is charged with doing such act, it was not admissible under the issue presented, under the second count of the complaint, where the damnifying act is charged directly against the defendants. City Del. Co. v. Henry, 139 Ala. 161, 34 South. 389; Cent. of Ga. Ry. Co. v. Freeman, 140 Ala. 582, 37 South. 387; Southern Ry. Co. v. Yancey, 141 Ala. 246, 37 South. 341; Birmingham South. Ry. Co. v. Gunn, 141 Ala. 372, 37 South. 329.

The court in the oral charge stated to the jury:

"Now willful and wanton means intentionally, purposely, or with such reckless disregard of the right of others as amounts to a man's not caring whether they injure them or not, that is, an absolute reckless disregard as to their rights; and in looking at and determining the question whether this was wanton and intentional injury, and for that purpose alone, evidence was permitted as to statements alleged to have been made by the driver of the defendants' at a time some time six months previous to this injury, *if you find that statement was made, and that the driver at the time of this injury intentionally ran into or against the mule that the plaintiff was driving, why then you would be authorized to award damages under the second count of the complaint.*"

The defendants reserved an exception to the italicized portion of the charge. For the reasons above stated this portion of the charge was erroneous.

The wanton or willful injury as charged in the second count is not charged to have

been accomplished by the defendants' servant Brandon, but by the acts of the defendants.

[2] The plaintiff offered evidence tending to show that the defendants' automobile ran against his mule, frightened it, and caused it to run away, with the result that plaintiff was thrown out of the. buggy and injured. Some of the evidence tended to show that defendants' chauffeur was driving the car and that one of the defendants was in the car. There were other tendencies of the evidence to the effect that one of the defendants was driving the car. In view of these tendencies of the evidence the affirmative charge requested by the defendants as to the second count was properly. refused. Grand Lodge of Ala. A. F. & A. M. (Colored) v. Goodwin, 204 Ala. 213, 85 South. 553.

[3] The defendants' chauffeur Brandon though admitting that he operated the defendants' car along the public pike where plaintiff was injured on the day of the injury, denied that he ran the car against plaintiff's mule, and it was permissible, after laying a proper predicate therefor, for the plaintiff to show that he had made statements contradictory of his testimony on the trial.

For the errors pointed out, the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.