(128 So. 793)

**ALABAMA POWER CO. et al. v. GOOCH.**

8 Div. 132.

Supreme Court of Alabama.

May 29, 1930.

Andrews, Peach & Almon, of Sheffield, and Martin, Thompson, Turner & McWhorter and Frank N. Savage, all of Birmingham, for appellants.

Nathan, Nathan & Nathan, of Sheffield, for appellee.

BROWN, J.

The case was submitted to the jury under counts 1, 2, 3, and 4 of the complaint, the plea of not guilty, and the pleas of contributory negligence as to negligence counts, 1 and 3.

Count 2, after stating matters of inducement, avers, "that on to-wit, the 6th day of April, 1928, plaintiff was riding in an automobile on Milton Street in said City of Tuscumbia, the same being one of the paved public highways of said city and crosses the railway then being operated, as aforesaid, by defendants, when *defendants wantonly, wilfully*, or *intentionally* ran a street car, so being operated by electricity, against the automobile in which plaintiff was then riding as a guest, with such force," etc. (Italics supplied.)

The averments of count 4 are: "That the defendants wantonly, wilfully, or intentionally operated one of its cars around the curve of its track and on a steep grade approaching the said crossing at Milton Street at such a dangerous and reckless rate of speed that it ran the car, then and there so being operated, against the automobile so being ridden in by plaintiff, with such force," etc.

Count 2 is in trespass charging an affirmative participation by the defendants in the wrongful and damnifying act of propelling the street car against the automobile. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Chase Nursery Co. et al. v. Bennett, 205 Ala. 202, 87 So. 610; Central of Georgia Railway Co. v. Freeman, 140 Ala. 582, 37 So. 387; Southern Railway Co. v. Yancey, 141 Ala. 246, 37 So. 341; Birmingham Southern Railroad Co. v. Gunn, Adm'r, 141 Ala. 372, 37 So. 239.

Count 4, which was treated as a wanton count, does not aver that the street car was wantonly run upon or against the automobile in which plaintiff was riding, but that it was wantonly, willfully or intentionally operated along the track and around the curve "at such dangerous and *reckless* rate of speed, that it ran the car, then and there so being operated, against the automobile." These averments import nothing more than negligence, if that. Southern Railway Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; Birmingham Railway, Light & Power Co. v. Glover, 142 Ala. 492, 38 So. 836.

The evidence goes to show that the automobile in which the plaintiff was riding at the time of the collision, was being operated by George Saywell, the owner of the automobile; that the collision between the automobile and the street car occurred at the crossing of Milton street in the city of Tuscumbia, between 2 and 3 o'clock p. m. on April 6, 1928. Milton street is a paved thoroughfare, but the most the evidence shows is that said street is considerably used by traffic to and from the western part of Colbert county.

The evidence is without dispute that the motorman had a clear view of the crossing when the street car came within 400 feet of the crossing, and when he discovered the automobile approaching it was within 25 feet of the tracks; that he sounded the alarm,

and immediately applied the brakes in emergency, using all the means at hand to check the speed of the car. This evidence falls far short of showing that the crossing was in a populous district, or such constant and continuous use of the crossing as to charge the operatives of the car with knowledge that some person was probably at the time in an exposed situation of peril—of being run upon or against by said street car at said crossing.

"To constitute wantonness it must be shown that the person [the motorman] was conscious of his conduct and conscious from his knowledge of existing conditions that injury would likely, or probably, result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty, which produced the injurious result." Birmingham Ry., L. & P. Co. v. Cockrum, 179 Ala. 372, 381, 60 So. 304, 308; Highland Avenue & Belt R. Co. v. Robbins, 124 Ala. 113, 27 So. 422, 82 Am. St. Rep. 153.

The doctrine of our cases is clearly stated in the case last cited, that it is wantonness "to run a train at a high rate of speed, and without signals of approach, at a point where the trainmen have reason to believe there are persons in exposed positions on the track, as over an unguarded crossing in a populous district or city, or where the public are wont to pass on the track with such frequency and in such numbers—facts known to those in charge of the train—as that they will be held to a knowedge of the probable consequences of maintaining great speed without warning, so as to impute to them reckless indifference in respect thereto." 124 Ala. 116, 27 So. 422, 424, 82 Am. St. Rep. 153.

"To constitute willful or intentional injury there must be a knowledge of the danger accompanied with a design or purpose to inflict injury, whether the act be one of commission or omission, while in wantonness this design or purpose may be absent, and the act done or omitted with knowledge of the probable consequence, and with reckless disregard of such consequence." Central of Ga. Ry. Co. v. Corbitt, 218 Ala. 410, 118 So. 755, 756.

Applying these principles to the undisputed facts, the conclusion is irresistible that the plaintiff has failed to sustain either the charge of willful intentional injury or wanton conduct on the part of the defendants, or either of them, and treating count 4 as a wanton count, the court erred in refusing the affirmative charges requested by the defendants as to counts 2 and 4.

The only other question argued arises from the denial of the defendants' motion for new trial, predicated in part on the refusal of the affirmative charges as to counts 2 and 4. On the principles stated, it was error to overrule the motion.

For these errors the judgment of the circuit court will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.